United States District Court
Southern District of Texas
**ENTERED**
November 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:09-CR-646 |
| | § | (2:16-CV-242) |
| OMAR ALVAREZ, | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255  AND ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Omar Alvarez (Alvarez) filed a motion to vacate, set aside or correct sentence
pursuant to 28 U.S.C. § 2255. D.E. 141. The Court has reviewed the motion and concludes
that summary dismissal is appropriate because "it plainly appears from the motion . . . and
the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b),
Rules Governing Section 2255 Proceedings for the United States District Courts (2016)
(2255 Rules).

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.  BACKGROUND**

In January 2010, Alvarez pleaded guilty to conspiracy to possess with intent to
distribute more than 5 kilograms of cocaine after his August 2009 Indictment. D.E. 1. During
rearraignment, Alvarez agreed with the government's recitation of the facts which included

1

leadership role and at least 170 kilograms of cocaine during the term of the conspiracy. D.E. 115, pp. 13-28. Alvarez' plea agreement was reviewed with him at rearraignment. It included a waiver of his right to appeal or to file a collateral challenge to his sentence. *Id*., pp. 12-13, D.E. ¶ 7.[1]

The Court ordered a Presentence Investigation Report (PSR). The base level offense was controlled by the quantity of cocaine and topped out at 38. D.E. 43. ¶ 26. Alvarez' offense level was increased by four for his leadership role, and after credit for acceptance of

---

[1]
10 THE COURT: I will be the last Judge to speak to your
11 conviction and sentence, and that is because you are, at Page
12 7, Paragraph -- at Page 3, Paragraph 7, *you are giving up your*
13 *right to appeal your conviction and your sentence.* Do you want
14 to give up your right to appeal your conviction and sentence?
15 THE DEFENDANT: Yes.
16 THE COURT: *You are also giving up your right to file*
17 *a 225 (sic) petition. Do you want to give up that right as*
18 *well?*
19 *THE DEFENDANT: Yes.*
20 THE COURT: With respect to your giving up your right
21 to appeal your sentence, you may not appeal your sentence or
22 conviction unless I sentence you above the statutory maximum or
23 above the guidelines when the United States has not asked me to
24 do so. You understand that?
25 THE DEFENDANT: Yes, sir.
1 THE COURT: With respect to a 2255 petition, that is
2 a document or a pleading that Defendants use to challenge their
3 conviction or sentence after they have become final. Do you
4 understand you're giving up that right as well?
5 THE DEFENDANT: Yes, sir.
6 THE COURT: And have you talked to your attorneys
7 about whether or not you should give up those rights?
8 THE DEFENDANT: Yes, sir.

*Id*. (emphasis added).

2

responsibility, his total offense level was 39. *Id.*, ¶¶ 29, 33. Alvarez had no criminal history. His guideline range of imprisonment was 262 to 327 months. *Id.*, ¶ 49.

At sentencing, the Court granted the government's motion to reduce Alvarez' sentence and sentenced Alvarez to 180 months imprisonment with five years supervised release, a $25,000 fine, a $100 special assessment and forfeiture of real property and currency. D.E. 96. Judgment was entered on the docket on March 4, 2011. Alvarez did not appeal.[2]

Alvarez filed motions to reduce his sentence pursuant to Amendment 782 to the sentencing guidelines, but this Court denied relief based upon his leadership role in an extensive drug conspiracy. Alvarez filed the present motion no sooner than June 15, 2016,[3] more than four years after his conviction became final.

### III.  MOVANT'S ALLEGATIONS

Alvarez argues that *Johnson v. United States*, 135 S.Ct. 2551 (2015), stated a new rule of constitutional law that applies to 21 U.S.C. § 846 and invalidates his conviction. Alvarez claims that § 846 is vague and subject to arbitrary enforcement.

### IV.  ANALYSIS

A.    **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's

---

[2] The Judgment was amended to correct a clerical error related to forfeiture on March 13, 2013, after appeal of the forfeiture by Alvarez' minor daughter.

[3] Rule 3(c) (2255 Rules).

jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.**  ***Johnson* Claim**

Alvarez argued that *Johnson v. United* States invalidated his conviction because § 846 is unconstitutionally vague. *Johnson* held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—

>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

> § 924(e)(2)(B).

> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added).

Alvarez was convicted pursuant to 21 U.S.C. § 846, which is not mentioned in the *Johnson* opinion. Furthermore, § 846 long ago passed constitutional muster. "Section 846 withstands scrutiny under the Fifth Amendment; it adequately informs the public of the criminal potential of the conduct proscribed." *United States v. Cooper*, 606 F.2d 96, 98 (5th Cir. 1979). "Under 'common understanding and practices,' the statute, by reference, sufficiently apprises all persons of the illegality of any agreement to possess and distribute a totally prohibited drug such as heroin." *Id*. *(quoting Jordan v. De George*, 341 U.S. 223, 231-32 (1951)). Alvarez' motion is without merit. In addition, it is untimely, *see* 28 U.S.C. § 2255(f)(1),[4] and barred by his waiver which he does not challenge.[5]

---

[4] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] "[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary." *United States v. Wilkes*, 20 F.3d 651, 653  (5th Cir. 1994). A defendant's testimony that he understood he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for the waiver to be enforceable. *See id.*

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Alvarez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Alvarez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Alvarez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 141; Cause No. 2:16-CV-242, D.E. 1) and DENIES him a Certificate of Appealability.

Ordered this 15th day of November 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

7